UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRNO TERRY LACKEY,<br><br>Defendants. | No.  2:03-cr-00480 KJM AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a former federal prisoner, now serving a term of supervised release, who filed a motion under 28 U.S.C. § 2255.  ECF No. 77.  Movant asks that his conviction under 18 U.S.C. § 924(c) be vacated pursuant to <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019), and that he be resentenced accordingly.  The United States has filed an opposition, ECF No. 102, and the time for movant to file a reply has expired.

I.   Relevant Background

Mr. Lackey was charged by indictment with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(B)(i); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(l).  ECF No. 1.

On April 5, 2005, defendant entered a change of plea to all three counts pursuant to a Rule 11(c)(1)(C) plea agreement which called for a specified sentence of 240 months in prison.  ECF

1

No. 71.  The factual basis for the plea, which was affirmed by defendant in open court, is attached to the plea agreement.  Id. at 11-12; see also ECF No. 76 (transcript) at 18-21.  The plea agreement contained a waiver of appeal and collateral attack.  ECF No. 71 at 8.  Defendant acknowledged and affirmed this waiver during the plea colloquy.  ECF No. 76 at 9, 13.  United States District Judge Morrison C. England accepted the plea agreement and sentenced defendant to 240 months imprisonment followed by a term of supervised release.

II.     Waiver of Collateral Attack

The government argues that movant's attack on his conviction and sentence is barred by the plea agreement's waiver of appeal and collateral attack.  The undersigned agrees.

A defendant may waive the statutory right to collaterally attack his sentence or conviction.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).[1]  An appellate waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).  A reviewing court looks "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily."  United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

The language of movant's waiver was broad:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up this right if he is sentenced in accordance with the government's recommendation and the stipulations set forth above.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence, so long as he is sentenced in accordance with the above stipulations.

ECF No. 71 at 8.  This language plainly encompasses any and all potential grounds for relief

---

[1] A waiver does not bar a claim that challenges the validity of the waiver itself, Abarca, 985 F.2d at 1014, but movant presents no such claim here.

1 under § 2255. See Jeronimo, 398 F.3d at 1154 (holding that broad waiver of rights to appeal precludes appeals based on "all grounds"). The language establishes a condition precedent to waiver—that the district judge impose the sentence recommended in the plea agreement, which happened—but once that condition is satisfied, it contemplates no exceptions. In sum, the waiver by its terms encompasses movant's right to assert the grounds raised here. The first requirement for enforceability is thus satisfied.

As for the voluntariness of the waiver, both the written plea agreement and the transcript of the plea colloquy reflect that movant understood the rights he was waiving, had been adequately advised by counsel, and voluntarily chose to give up those rights—including the right to post-conviction review—in order to obtain the benefit of his bargain. See ECF No. 71 at 8; ECF No. 76 at 9, 13. Movant was specifically informed by Judge England of the terms of the waiver of appeal and collateral attack, as required. ECF No. 76 at 13; see United States v. Lo, 839 F.3d 777, 784 (9th Cir. 2016). Movant has made no argument and proffered no facts that would call the knowing and voluntary nature of the waiver into question. Accordingly, the circumstances before the court establish that the waiver was valid and is therefore enforceable. See United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021), cert. denied, 142 S.Ct. 2666 (2022).

To the extent that movant believes his conviction and sentence are invalid in light of United States v. Davis, 139 S.Ct. 2319 (2019), a post-judgment change in the law does not affect the validity of a waiver of appeal and collateral attack. See United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005). In Goodall, the Ninth Circuit specifically rejected the argument that a Davis challenge to a pre-Davis § 924(c) conviction could be entertained despite a waiver of appeal. Goodall, 21 F.4th at 562. "When a defendant waives his appellate rights, he knows that he is giving up all appeals, no matter what unforeseen events may happen." Id. Moreover, the "illegal sentence" exception to the waiver rule, recognized in United States v. Torres, 828 F.3d 1113 (9th Cir. 2016), does not apply to a challenge to a § 924(c) conviction under Davis. Id. at 562-564. Simply put, Goodall compels enforcement of movant's waiver and precludes consideration of his § 2255 motion.

III. <u>The Motion Does Not Present Grounds for Relief</u>

Even if there had been no waiver, and assuming the retroactivity of <u>Davis</u> to cases in which there has been no waiver, petitioner would not be entitled to relief because he misunderstands the holding and reach of <u>Davis</u>. In <u>Davis</u> the Supreme Court found the residual clause of 18 U.S.C. § 924(c), and only it's residual clause, to be void for vagueness. <u>Davis</u>, 139 S.Ct. at 2336. But Mr. Lackey was not convicted under the residual clause, § 924(c)(3)(B). Rather, he was charged with and pled guilty to a violation of § 924(c)(1)(B)(i), possessing a firearm during and in relation to a drug trafficking offense. Nothing in <u>Davis</u> affects the ongoing validity of § 924(c)(1).

## CONCLUSION

For the reasons explained above, it is HEREBY RECOMMENDED that the § 2255 motion at ECF No. 71 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. <u>See</u> 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE